PER CURIAM.
On this appeal, appellant argues that the trial court improperly sentenced him for petit larceny after having withheld sentence for more than five years. We agree.
The state charged appellant with petit larceny and burglary. On September 29, 1969, after accepting a plea of guilty to both charges, the trial court withheld sentence on the petit larceny count and placed appellant on probation for a term of five years on the burglary count which term it later changed to seven years. Subsequently, on June 24, 1976, the court revoked appellant’s probation, adjudged him guilty on both counts and gave him a five-year general sentence at hard labor.
Section 775.14, Florida Statutes (1975), reads as follows:
“Any person receiving a withheld sentence upon conviction for a criminal offense, and such withheld sentence has not been altered for a period of five years, shall not thereafter been sentenced for the conviction of the same crime for which sentence was originally withheld.”
Clearly, under this statute the trial court could not sentence appellant on the petit larceny charge since more than five years elapsed between the date on which the court withheld sentence and the date on which the court imposed sentence. Therefore, we must vacate appellant’s sentence and remand the case to the trial court for the imposition of a new sentence on the burglary count alone.
We note here, that, unlike the original sentence, the new sentence should not imprison appellant to hard labor, as there is no existing statute providing for such punishment for any offense. Corsey v. State, 349 So.2d 738 (Fla.2d DCA 1977); McDonald v. State, 321 So.2d 453 (Fla. 4th DCA 1974).
REVERSED AND REMANDED.
HOBSON, Acting C. J., SCHEB, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.